IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COMMUNICATION MANAGEMENT SERVICES, LLC; DAVEL COMMUNICATIONS; NSC COMMUNICATIONS PUBLIC SERVICES CORP.; CENTRAL TELEPHONE, INC.; INTERWEST TEL, LLC; INTERWEST TELECOM SERVICES CORP.; VALLEY PAY PHONES, INC.; NATIONAL PAYPHONE SERVICES, LLC; K. WEST ENTERPRISES, LLC; T & C MANAGEMENT, LLC; CORBAN TECHNOLOGIES, INC.; NORTHWEST PUBLIC COMMUNICATIONS COUNCIL; and PACIFIC NORTHWEST PAYPHONES, INC., <br><br>        Plaintiffs, <br><br>v. <br><br>QWEST CORPORATION; UNIDENTIFIED CORPORATIONS I-X; and JOHN DOES 1-10, <br><br>        Defendants. | 3:14-cv-00249-BR <br><br> **OPINION AND ORDER** |

**FRANKLIN G. PATRICK**
P.O. Box 231119
Portland, OR 97281
(503) 245-2828

        Attorney for Plaintiffs

**LAWRENCE H. REICHMAN**

1 - OPINION AND ORDER

Perkins Coie, LLP
1120 N.W. Couch Street
10th Floor
Portland, OR 97209
(503) 727-2019

Attorneys for Defendant Qwest

**BROWN, Senior Judge.**

On May 29, 2018, the Ninth Circuit issued a Mandate (#72) remanding this matter to this Court. In its Memorandum Opinion the Ninth Circuit affirmed in part and reversed and remanded in part this Court's Opinion and Order (#59) issued December 12, 2014, as follows: affirmed dismissal of Plaintiffs' Claims 1-8 and 12-14 with prejudice, affirmed dismissal of Claim 9 without prejudice to amend, reversed dismissal of Claims 10 and 11, and remanded Plaintiffs' Claims 10 and 11 for this Court to consider whether those claims should be remanded, in turn, to state court for resolution.

For the reasons that follow, the Court **DECLINES** to exercise supplemental jurisdiction as to Plaintiffs' remaining state-law claims and **REMANDS** this case to the Multnomah County Circuit Court.

### BACKGROUND

Plaintiffs initially filed this case in Multnomah County Circuit Court in 2013. Plaintiffs alleged 14 claims against Defendants based on specific performance; unjust enrichment; promissory estoppel; third-party beneficiary; conversion;

intentional fraud; negligent fraud; violation of Oregon Deceptive Trade Practices Act, Oregon Revised Statutes § 605.608; interference with business relationships; breach of contract; and constructive trust. Specifically, in Claim Nine Plaintiffs raised a claim under Oregon Revised Statutes § 759.185 in which Plaintiffs asserted their payment of interim rates higher than the "new services test" (NST) compliant rates triggered a statutory right to mandatory refunds. In Claim Ten Plaintiffs asserted Defendant Qwest provided undue preferences and advantages in telephone-exchange services to Plaintiffs' competitors in violation of Oregon Revised Statutes § 759.275. In Claim Eleven Plaintiffs alleged Qwest allowed FSH Communications, LLC; Qwest's own payphone services; and Plaintiffs' other competitors to access network elements that Qwest denied to Plaintiffs in violation of Oregon Revised Statutes § 759.455.

On February 13, 2014, Qwest removed the state-court action to this Court based on federal-question jurisdiction.

On February 28, 2014, Qwest filed a Motion to Dismiss all of Plaintiffs' claims on the grounds that the claims were filed untimely, barred by claim preclusion, vested in the exclusive jurisdiction of the Public Utilities Commission (PUC), and did not state a claim on the merits.

As noted, on December 15, 2014, the Court issued an Opinion and Order dismissing all of Plaintiffs' claims with prejudice and entered Judgment in favor of Qwest.

3 - OPINION AND ORDER

On January 13, 2015, Plaintiffs filed a Notice of Appeal to the Ninth Circuit.

On February 20, 2018, the Ninth Circuit affirmed dismissal as to all claims except Claims 10-11.

As noted, on May 29, 2018, the Ninth Circuit remanded the case to this Court.

On May 29, 2018, the Court directed the parties to file a joint statement as to whether this Court or the state court should resolve the remaining claims and indicating whether Plaintiffs intended to amend Claim Nine.

On June 11, 2018, the parties filed a Joint Statement Regarding Further Proceedings (#73).

## **STANDARDS**

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 544 U.S. 280, 289 (2005). The federal court has supplemental jurisdiction over state-law claims only when the plaintiff alleges a federal claim over which the court has original jurisdiction. 28 U.S.C. § 1367.

Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim . . . if –
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007)(citing 28 U.S.C. § 1367(c)(3)). This is a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Hoeck v. City of Portland*, 57 F. 3d 781, 785 (9th Cir. 1995)(citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). The court must weigh "consideration of judicial economy, convenience and fairness to the litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims." *Id.* (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

"[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997)(*en banc*)(quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7)). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). *See also Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be

5 – OPINION AND ORDER

dismissed.").

Nevertheless, "[t]hat state law claims should be dismissed if federal claims are dismissed before trial, as *Gibbs* instructs, 383 U.S. at 726, has never meant that they *must* be dismissed." *Acri*, 114 F.3d at 1000 (emphasis added).

## **DISCUSSION**

Plaintiffs contend this Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims pursuant to 28 U.S.C. § 1367(c), and the state court should determine the propriety and scope of any amendment to Claim 9. Plaintiffs assert the Court of Appeals reference to the "inherent power" of PUC contemplated remand would be appropriate under § 1367(c)(1). Plaintiffs point out that all federal claims have been dismissed and the issues raised in the remaining claims involve complex questions of first impression under Oregon state law and PUC's authority. Plaintiffs also contend any amendment that raises the inherent authority of PUC to issue refunds or to enforce orders will further implicate such issues of first impression. Finally, Plaintiffs contend any federal remedy would not apply to any period before April 15, 1997, when the TCA became effective for payphone rates and state-law remedies would be more comprehensive than any federal remedy.

Qwest, however, contends this Court should retain jurisdiction to resolve the remaining three claims in order to best serve the interests of judicial economy, convenience, and

fairness and to avoid further prolonged litigation. Even though the Ninth Circuit remanded Claims 10 and 11 on the grounds that they were not time-barred, Qwest states it intends to reassert its Motion to Dismiss Claims 10 and 11 on other grounds including lack of standing, claim preclusion, and exclusive or primary jurisdiction of PUC. Qwest argues this Court is in a better position to resolve these issues because of its familiarity with the facts and its prior rulings in related litigation on similar issues. Qwest also argues it would be in the interest of judicial economy for this Court to address whether PUC has exclusive or primary jurisdiction over Plaintiffs' remaining claims; *i.e.*, if the Court agrees PUC has jurisdiction over Plaintiffs' claims, the Court can send the case directly to PUC and avoid the need to litigate those issues in state court. Qwest contends a remand to state court will only delay final resolution of the dispute between the parties.

In *Acri v. Varian Associates, Inc.*, the plaintiff initially filed his claims in state court for age discrimination under both federal and state law. The defendant removed the case to federal court based on the plaintiff's federal claim. The district court granted summary judgment in favor of the defendant on all claims, but the plaintiff appealed only the dismissal of his state-law claims. In the district court neither party questioned whether the court should decline supplemental jurisdiction over the state-law claims. On appeal the Ninth Circuit concluded it was not required to decide *sua sponte* whether the district court

abused its discretion in exercising supplemental jurisdiction over the plaintiff's state-law claims because the parties had not raised the issue in the district court. The Ninth Circuit, however, stated:

> Having said that, we emphasize that actually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) [of 28 U.S.C. § 1367] is implicated is a responsibility that district courts are duty-bound to take seriously. The Supreme Court has stated, and we have often repeated, that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7. While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values "of economy, convenience, fairness, and comity." See, *e.g.*, *Allen*, 92 F.3d at 846; *Executive Software N. Am. v. United States Dist. Court*, 24 F.3d 1545, 1557 (9th Cir.1994). Given the importance of these values in our federal system, the proper administration of justice is far better served by a deliberative decision than by default.

114 F.3d at 1001.

In his dissent Judge O'Scannlain stated:

> Our judicial branch should be particularly sensitive to the impacts of its decisions on state legal systems. While federal courts may be obliged to speak on questions of state law in certain circumstances, we should always be mindful that, absent a strong justification, state law claims belong in state courts.
>
> * * *
>
> The Supreme Court has instructed that the exercise of supplemental jurisdiction should be rare when all federal claims have been dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27

> (1966). The *Gibbs* admonition is particularly pertinent
> here where a federal court without diversity
> jurisdiction is being asked to decide claims based
> wholly and exclusively on state law, having dismissed
> the federal cause of action by summary judgment. State
> courts are the proper fora for those claims, and the
> federal courts should stay out of the fray unless there
> is a reason for them to jump in–that is, unless "values
> of judicial economy, convenience, fairness, and comity"
> would be served thereby. *See Carnegie–Mellon Univ. v.
> Cohill*, 484 U.S. 343, 350 (1988).

114 F.3d at 1001–02.

Here the Ninth Circuit specifically states in its Memorandum Opinion that "Claims 9–11 d[o] not present any substantial federal issues." As to Plaintiffs' possible amendment of Claim 9, the Ninth Circuit stated: "We express no opinion on the viability of such a claim [based on the 'inherent power' of the PUC to enforce its orders], either procedurally or on the merits, or on whether Oregon law recognizes such a private right of action."

As noted, this case began in state court, and Qwest removed it to this Court based on Plaintiffs' federal claims. Those federal claims, however, are no longer a part of this case; Plaintiffs' remaining claims are based solely on state law; the Court has not yet addressed any claims on the merits, including the state-law claims; and some of Plaintiffs' state-law claims appear to be issues of first impression regarding the jurisdiction and authority of PUC and, therefore, should be decided by the state court. Thus, issues of comity weigh in

favor of remanding this case to state court.

Accordingly, the Court concludes on this record that issues of judicial economy, convenience, fairness, and comity will be best served by allowing the parties to proceed in the state forum for resolution of the remaining state-law claims. The Court, therefore, declines to exercise supplemental jurisdiction over

Plaintiff's state-law claims and **REMANDS** this case to the Multnomah County Circuit Court of the State of Oregon.

IT IS SO ORDERED.

DATED this 20th day of June, 2018.

/s/ Anna J. Brown
ANNA J. BROWN
United States Senior District Judge